IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:

| | |
|---|---|
| AGRIPROCESSORS, INC. | Chapter 7 |
| Debtor. | Bankruptcy No. 08-02751 |
| JOSEPH E. SARACHEK, in his capacity as CHAPTER 7 TRUSTEE, <br>    Plaintiff, <br><br>vs. <br><br>CHABAD OF NORTH FULTON, INC., <br>    Defendant. | <br><br><br><br><br>Adversary No. 10-09131 |

**ORDER RE: MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO AMEND PLEADING**

These matters came before the Court in a telephonic hearing on Defendant's

Motion for Summary Judgment and Trustee's Motion for Leave to Amend.

Trustee Joseph E. Sarachek was represented by Dan Childers and Desiree Withers.

Defendant Chabad of North Fulton, Inc. was represented by Charles Ike Pollack.

After hearing arguments of counsel, the Court took both matters under advisement.

These are core proceedings under 28 U.S.C. § 157(b)(2)(H) and (F), respectively.

**STATEMENT OF THE CASE**

Trustee filed a Complaint alleging that a $50,000 payment Debtor

Agriprocessors, Inc. made to Chabad of North Fulton, Inc. constituted a fraudulent

1

conveyance under § 548.  Defendant moved for summary judgment.  Defendant argued that the undisputed factual record shows the check was repayment of a $50,000 loan Debtor made to Defendant approximately five days earlier.  Defendant argues that because this was an exchange made for fair value, there was no fraudulent conveyance as a matter of law.

Trustee filed a Resistance to the Motion for Summary Judgment and a Motion for Leave to Amend his Complaint.  Trustee seeks to amend his Complaint to recover the $50,000 as a preferential transfer under § 547.  Trustee claims that Hirsch Minkowicz, Defendant's Rabbi, Director, and CEO, is related both to Sholom Rubashkin, former CEO of Debtor, and Debtor's employee Sholom Minkowicz.  As such, Trustee claims the payment was to an "insider" as defined in § 101(31)(B)  or to a "non-statutory" insider as defined in case law.

Defendant resists the Motion to Amend. It argues a preferential transfer claim would be futile and amending the Complaint would cause Defendant to suffer undue prejudice.  Defendant argues the proposed amendment is futile because he is not, as a matter of law, an insider of Debtor.  Defendant argues that the proposed amendment would be unduly prejudicial because of the stage of the proceedings.  For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment, and grants Trustee's Motion to Amend.

## FACTUAL BACKGROUND

The following facts are taken from the parties' pleadings, arguments, and supporting documents. Debtor contacted Defendant to ask for a short term loan in early 2008. Hirsch Minkowicz, Defendant's Rabbi, Director, and CEO, orally agreed to make the loan. On March 5, 2008, Defendant sent a $50,000 check to Debtor. There are no written documents associated with the arrangement. Defendant made the loan based on the reputation of both Debtor and the Rubashkin family, owners of Debtor. Debtor negotiated this "loan" check on March 6, 2008. On March 10, 2008, Debtor sent Defendant a check in the amount of $50,000. Defendant negotiated this check on March 11, 2008.

On November 3, 2008, Rabbi Minkowicz published a letter in the religious media pleading for the Jewish community to support the Rubashkin family. In this letter, Rabbi Minkowicz stated that he was a "relative" of the Rubashkin family. On November 4, 2008, Debtor filed bankruptcy. On October 26, 2010 Trustee filed a single-count Complaint seeking to avoid the $50,000 payment as a fraudulent transfer under § 548.

Shortly before Defendant filed its Summary Judgment Motion, Trustee learned more about the familial relationships between people involved with Debtor and Defendant. Trustee learned first that Debtor's then-CEO, Sholom Rubashkin,

and Defendant's CEO Hirsch Minkowicz are second cousins, once removed. Their common relative is Rubashkin's great-great grandfather and Minkowicz's great-great-great grandfather. Trustee later learned that Rabbi Minkowicz's brother, Sholom Minkowicz, is married to Chana Rubashkin, sister of Sholom Rubashkin. Sholom Minkowicz was the warehouse manager of Debtor's New York branch. Sholom Minkowicz is also listed as an officer on Debtor's corporate banking resolutions. This gives him access to Debtor's corporate account. Trustee relies on these newly-discovered facts about the relationships in his Motion to Amend.

## CONCLUSIONS OF LAW AND DISCUSSION

Defendant has moved for summary judgment on Trustee's constructive fraudulent conveyance claim. Trustee has provided a nominal resistance to the merits of that Motion. Trustee has, however, made a strong argument that the Court should grant his Motion to Amend instead of granting summary judgment in this case. Trustee proposes to amend his Complaint to add a preference claim.

Because Trustee has not conceded the summary judgment issue on his fraudulent conveyance claim, the Court will first address that issue.

**1. Motion for Summary Judgment**

Summary judgment is governed by Fed. R. Bankr. P. 7056, which applies Fed. R. Civ. P. 56 in adversary proceedings. Rule 56(a) states that "[t]he court

4

shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The granting of summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007).

The burden of showing there are no genuine issues of material fact belongs to the moving party. Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex v. Catrett, 477 U.S. 317, 325 (1986). "Once the movant has supported the motion, the non-moving party 'must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant's evidence at trial.'" In re Houston, 385 B.R. 268, 271 (Bankr. N.D. Iowa 2008) (quoting Barge v. Anheuser-Busch, 87 F.3d 256, 260 (8th Cir. 1996)).

"A fact is material if it 'might affect the outcome of the suit under the governing law.'" Johnson v. Crooks, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party

5

on the question.  Anderson, 477 U.S. at 252.  Evidence that raises "some metaphysical doubt as to the material facts" will not create a genuine issue of fact. Matsushita v. Zenith Radio, 475 U.S. 573, 586 (1986).

Trustee seeks to recover the payment from Debtor to Defendant as a fraudulent conveyance under § 548(a)(1)(B), which states:

> (a)(1) The trustee may avoid any transfer … of an interest of the debtor in property … incurred by the debtor, that was incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
> (B)(i) **received less than a reasonably equivalent value in exchange** for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

Id. (emphasis added).

In this adversary, it is undisputed that Debtor was insolvent in the two years before filing.  Defendant argues there is no genuine issue of material fact that Debtor received "reasonably equivalent value" in exchange for the $50,000 payment to Defendant.  Trustee argues there is a genuine issue of fact because Defendant has provided insufficient evidence that the two payments were intended to be "in exchange" for each other. The Court disagrees with Trustee.

In the relevant portion of the Complaint, Trustee alleges that he "is not aware of any value provided to the Debtor from the Defendant in exchange for the payment, and therefore, Trustee reasonably concludes that the transfer was in exchange for less than reasonably equivalent value."  Defendant has now presented

6

evidence that it sent Debtor a check for $50,000 as a loan to Debtor five days before Debtor made the alleged fraudulent conveyance by paying Defendant back the $50,000. The values of the checks are not just "reasonably equivalent"—but are in fact equal. Relief of a debt equal in amount to the payment made by a debtor to a creditor constitutes "reasonably equivalent value." In re Rosen Auto Leasing, 346 B.R. 798, 805 (B.A.P. 8th Cir. 2006) ("By delivering the Check … Rosen Auto relieved itself of an outstanding debt equal to the face amount of the Check. Rosen Auto obtained reasonably equivalent value because the Check satisfied [the] claim against it.").

    Trustee argues that it "remains unclear" whether the payment of $50,000 from Debtor to Defendant was intended to repay the $50,000 loan Defendant made just five days earlier. Trustee, however, provides no factual basis to support that belief.

    Defendant has provided evidence that an exchange of value occurred between the two parties for the same amount, just days apart. The affidavit of Rabbi Minkowicz states the two payments constituted a short-term loan followed by an immediate repayment. Trustee presents no facts in response and thus no reason to doubt this statement. Trustee has offered only his belief that the intent of the transaction remains "unclear." "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." National Bank of

Commerce of El Dorado v. Dow Chem., 165 F.3d 602, 610 (8th Cir. 1999). Even viewing the evidence in the light most favorable to Trustee, there are no material facts in dispute. Summary judgment is appropriate on this claim.

**2. Motion to Amend**

As noted, in response to the Motion for Summary Judgment, Trustee filed a Motion for Leave to Amend his Complaint. Trustee requests permission to amend his Complaint to recover the same transfer as a preferential transfer under § 547. Defendant resists. Defendant claims that it is not an insider of Debtor as a matter of law, so any amendment would be futile. Defendant also argues allowing such an amendment would cause undue prejudice.

Trustee filed the Motion to Amend after this Court entered a Scheduling Order in which the parties submitted they did not contemplate any amended pleadings. (Docket # 6, entered January 7, 2011). The Eighth Circuit has held that Rule 16 governs post-scheduling order amended pleadings. "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)). "The schedule 'may be modified only for good cause and with the judge's consent.'" Sherman v. Winco Fireworks, 532 F.3d 709, 714 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)(4)). The Court

8

must evaluate a post-scheduling order amendment under Rule 16(b) before considering the more liberal amendment standards in Rule 15.  Id. at 716.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).  "The prejudice to the nonmovant … may also be a relevant factor."  Sherman, 532 F.3d at 717.  However, "we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."  Id.  "In short, 'good cause' for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner."  Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co., 590 F. Supp.2d 1093, 1100 (N.D. Iowa 2008).

If a party meets the good cause standard in Rule 16(b), the Court must then consider the amendment standards set out in Rule 15.  Sherman, 532 F.3d at 716.  Courts should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2) (incorporated in bankruptcy proceedings under Bankruptcy Rule 7015).  Under this standard, the Court has substantial discretion in ruling on a motion for leave to amend.  Wintermute v. Kan. Bankers Sur. Co., 630 F.3d 1063, 1067 (8th Cir. 2011) ("We … review the district court's denial of leave to amend a complaint for abuse of discretion.").  "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated

9

failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment." Popoalii, 512 F.3d at 497.

### a. Rule 16

After an initial attempt to recover Debtor's payment to Defendant under § 548, Trustee discovered new information which made plausible a claim for relief under § 547. Upon discovery of this information, Trustee filed for an amended pleading. The Court finds that Trustee was diligent in filing for leave to amend. See In re Deitz, 411 B.R. 650, 655 (Bankr. D.N.D. 2009) (granting amendment where new information surfaced).

The facts of this case are distinguishable from cases where, under Rule 16, amended pleadings were denied. See Morrison Enterprises v. City of Hastings, 638 F.3d 594, 610–11 (8th Cir. 2011) (denying second request for leave to amend when nearing trial); Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006) (finding no attempt to act diligently when amending pleadings); Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (finding party waited eight months to request an amendment of the scheduling order and knew of claims prior to filing original complaint). Trustee acted diligently here when the information came to his attention.

Defendant argues that allowing amendment would be unduly prejudicial to Defendant. Defendant contends that it is simply too late in the proceedings for such an amendment. The Court disagrees.

By Defendant's own admission, very little discovery and related expenditure of time and money has occurred. No trial date is scheduled. To the extent that Defendant is claiming that discovery is closed or time for discovery is running out, the Court can—and will—remedy that problem by allowing additional time for discovery.

**b. Rule 15**

Having found that good cause exists for Trustee to amend his Complaint under Rule 16, the Court also concludes Trustee may amend under the Rule 15 standards. Defendant has argued permission to amend should be denied because an amendment would be futile. Taylor v. United States, 106 F.3d 833, 838 (8th Cir. 1997). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)). Under Federal Rule 12(b)(6), the governing inquiry is whether the complaint states enough facts "to state a claim to relief that is plausible on its

11

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Sarachek v. Right Place, Inc. (In re Agriprocessors, Inc.), No. 10-09123 (Bankr. N.D. Iowa Sept. 30, 2011) (discussing Trustee's pleading standards).

A trustee properly pleads a cause of action for an avoidable preference by stating plausible facts showing (1) there was a transfer of an interest of the debtor in property; (2) for or on account of an antecedent debt owed by the debtor; (3) to or for the benefit of a creditor; (4) made while the debtor was insolvent; (5) **made between ninety days and one year of the bankruptcy petition if the creditor was an insider**; and (6) the transfer enabled the creditor to receive more than he would have received had the transfer not been made and the claim was settled under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 547(b) (emphasis added); see also Sarachek v. Chitrik (In re Agriprocessors, Inc.), No. 10-09058, 2011 WL 3033710 at *2 (Bankr. N.D. Iowa Jul. 22, 2011) (reciting § 547(b) elements). Here, Debtor argues Trustee's proposed amendment would be futile because Trustee cannot prove Debtor is an "insider" as a matter of law.

In his Motion to Amend, Trustee alleges an insider relationship between Debtor and Defendant based on the familial relationship between Rabbi Minkowicz, CEO of Defendant, and Debtor's former CEO Sholom Rubashkin. Trustee also alleges a familial relationship between Sholom Minkowicz, a

managerial employee of Debtor, and Rabbi Minkowicz. Trustee argues that the control structure of both Debtor and Defendant make Defendant an insider.

Section 101(31)(B)(vi) defines the term "insider." Where, as here, Debtor is a corporation, the term "insider" includes a "relative of a general partner, director, officer, or person in control of the debtor." 11 U.S.C. § 101(31)(B)(vi). Under § 101(45), "relative" is defined as an "individual related by affinity or consanguinity within the third degree as determined by the common law . . . ." Id. An "insider" can also be what is referred to as a "non-statutory insider." A non-statutory insider "is said to be an entity with a sufficiently close relationship to the debtor that its conduct is made subject to closer scrutiny than those dealing at arm's length with debtor." In re Riversideworld, Inc., 366 B.R. 34, 43 (Bankr. N.D. Iowa 2007) Trustee has alleged that the relationships here establish Defendant as both a statutory and non-statutory insider.

### i. Statutory Insider Under § 101(31)(B)(vi)

Rabbi Minkowicz and Sholom Rubashkin are related. Rabbi Minkowicz's great-great-great grandfather is Sholom Rubashkin's great-great grandfather. They are second-cousins, once removed. This is consanguinity within the seventh degree ─ not "within the third degree" as required under § 101(31)(B)(vi) and § 101(45). Rabbi Minkowicz is not a "relative" of Sholom Rubashkin under the definition of "insider" in the Bankruptcy Code.

### ii. Non-Statutory Insider

Trustee argues that the payment from Debtor to Defendant arose from a non-statutory insider relationship because the transaction was not conducted at arm's length. In support, Trustee cites the Affidavit of Rabbi Minkowicz, who made the loan based on "trust and reputation" in a "close-knit community."

Trustee notes several factors that make this transaction particularly unusual: the familial relationships and affiliations; the lack of documentation of either the initial transfer from Defendant to Debtor or Debtor's repayment five days later; and Chabad is a non-profit religious organization, not a lending institution. Trustee argues that these factors indicate a "sufficiently close relationship" to establish Defendant as a non-statutory insider.

Defendant disagrees with both these assertions and whether they establish Defendant is an insider under the law. While Defendant may ultimately succeed on these arguments, the question for this Court is whether Debtor's non-statutory insider claim is futile on its face. Defendant has not shown futility, as Trustee has pled a plausible insider claim.

Defendant also argues that it lacked the requisite control over Debtor to be considered a non-statutory insider. A "creditor would have to exert control over the debtor before gaining insider status." In re Rosen Auto Leasing, 346 B.R. 798, 804 (B.A.P. 8th Cir. 2006). For the purposes of determining the sufficiency of the

pleadings, the Court disagrees with Defendant's argument that it lacked control over Debtor as a matter of law. Based on the factors above, this Court believes that Trustee has pled a plausible claim that Defendant was an insider. See In re Riversideworld, 366 B.R. 34, 43 (Bankr. N.D. Iowa 2007) (sufficient control where a creditor is "not dealing at arm's length with Debtor, and whose special relationship with Debtor enables it to compel payment of its claim").

Defendant also asserts that this Court should not consider Trustee's non-statutory insider claim because it was not mentioned in Trustee's initial amended pleading. This Court disagrees. This Court has had a liberal policy towards amendment and absent controlling case law to the contrary, this Court "prefer[s] to decide claims on their merits instead of on their pleadings." Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999). The primary inquiry is not the technical precision with which Trustee seeks amendment, but rather Trustee's "willingness to amend the [C]omplaint." Id. Trustee has shown sufficient willingness to amend.

For these reasons, the Court concludes that Trustee's proposed amended complaint could withstand a motion to dismiss under Rule 12(b)(6). Trustee's allegation that Defendant received a preference under § 547(b) is supported by plausible facts. As a result, Trustee may file an amended complaint.

**WHEREFORE,** Trustee's Motion for Leave to Amend is GRANTED.

**FURTHER,** because the Amended Complaint has not addressed or even suggested that it would address the claim for fraudulent transfers under § 548, Defendant's Motion for Summary Judgment on that claim is GRANTED.

Dated and Entered: October 14, 2011

_____
Thad J. Collins
Chief Bankruptcy Judge